IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CONDADO 3 CFL, LLC,

   Plaintiff,

   v.

BENJAMÍN BRAVO GARCÍA, et al.

   Defendants.

CIVIL NO.: 17-1001 (MEL)

**OPINION AND ORDER**

Condado 3 CFL, LLC ("Plaintiff") filed a complaint against Benjamín Bravo García, Sandra Milagros Buxo Janer and the conjugal partnership between them, and B&B Communications, Inc. ("Defendants") on January 2, 2017. ECF No. 1. Plaintiff alleged that Mr. García and Ms. Janer breached loan repayment obligations by failing to make mortgage payments to it. Id. at 7. Pending before the court is Defendants' motion for summary judgment. ECF No. 25. Defendants argue in their motion for summary judgment that Plaintiff 1) lacks standing because it is "doing business" in Puerto Rico without authorization in violation of 14 L.P.R.A. § 3801 and 2) is barred from filing the complaint because it is not licensed in Puerto Rico "for the business of mortgage" under either 7 L.P.R.A. §§ 1051–1063 or Regulation 8017 of the Financial Institutions Commissioner's Office. Id. at 8–9. In its response in opposition, Plaintiff rejects the arguments made within Defendants' motion for summary judgment. ECF No. 30.

**I.   STANDARD OF REVIEW**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted

when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on *uncontradicted* evidence . . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115. There is "no room for credibility

determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## II.   UNCONTESTED MATERIAL FACTS

The sole plaintiff is Condado 3 CFL, LLC, a Delaware limited liability company in good standing under the laws of the state of Delaware. ECF Nos. 25, at 2, ¶ 1; 33-1, at 1, ¶ 1. Condado 3 CFL, LLC's principal place of business is in Minnesota. ECF No. 33-1, at 1, ¶ 1. Condado 3 CFL, LLC is the owner and holder of the notes and mortgage deeds described in the complaint. ECF Nos. 25, at 2, ¶ 2; 33-1, at 1, ¶ 2. The complaint alleges that Benjamín Bravo García and Sandra Milagros Buxo Janer breached loan repayment obligations by failing to make mortgage payments to Condado 3 CFL, LLC. ECF No. 1, at 7.

## III.   DEFENDANTS' ARGUMENTS

Defendants make two arguments in support of their motion for summary judgment. First, Defendants contend that Plaintiff lacks standing because it is "doing business" in Puerto Rico without authorization in violation of 14 L.P.R.A. § 3801.

A foreign corporation is one organized in accordance with the laws of any jurisdiction other than Puerto Rico. 14 L.P.R.A. § 3801. Puerto Rico law requires foreign corporations to obtain a certificate of authorization from the Department of State before doing business in Puerto Rico. Id. Any foreign corporation that has been doing business in Puerto Rico without the required authorization may not bring suit in Puerto Rico's courts. 14 L.P.R.A. § 3803. However, the

General Corporations Law provides a list of activities which do not constitute doing business in Puerto Rico.[1]  14 L.P.R.A. § 3805(a).  These activities include creating or acquiring debts, mortgages, or real property securities.  Id.

Plaintiff is a foreign corporation.  However, for purposes of the summary judgment motion, there is no evidence that Plaintiff did not have a certificate of authorization from the Department of State at the time the complaint was filed.  Even assuming arguendo that Plaintiff did *not* have such a certificate, Plaintiff's acquisition of the notes and mortgage deeds described in the complaint does not constitute "doing business" in Puerto Rico such as to require a certificate of authorization.  Further, "there is no evidence that Plaintiff has done anything other than create or acquire debts or mortgages, or collect or foreclose on those debts or mortgages.  In the instant case, Plaintiff is merely foreclosing on a mortgage."  RNPM, LLC v. Cobas-Mondriguez, 938 F. Supp. 2d 231, 235 (D.P.R. 2013).  It follows that Plaintiff does not lack standing to bring suit.

Second, Defendants contend that Plaintiff is barred from filing the complaint because it is not licensed in Puerto Rico "for the business of mortgage" under either 7 L.P.R.A. §§ 1051–1063 or Regulation 8017 of the Financial Institutions Commissioner's Office.  This contention is not tenable. Sections 1051–1063 of Title 7 of the Laws of Puerto Rico have been repealed.  7 L.P.R.A. § 3051.  Further, Defendants have not provided a certified translation of Regulation 8017 of the Financial Institutions Commissioner's Office.  L.Cv.R. 5(g).

---

[1] Defendants argue that for these activities to be exempted from the registration requirement, they "must be secondary to the corporation's business."  ECF No. 25, at 6.  The court "declines to read beyond the plain language of the statute to impute restrictions which are not facially apparent."  Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp., 434 F. Supp. 2d 93, 96 (D.P.R. 2006).  See also RNPM, LLC v. Cobas-Mondriguez, 938 F. Supp. 2d 231, 234 (D.P.R. 2013) ("The court declines to infer limitations on the exemptions that have no basis in the plain language of the statute.").

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 25) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of March, 2019.

s/Marcos E. López<br>
U.S. Magistrate Judge