IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CONDADO 3 CFL, LLC,

    Plaintiff,

    v.

BENJAMÍN BRAVO GARCÍA, et al.

    Defendants.

CIVIL NO.: 17-1001 (MEL)

**OPINION AND ORDER**

Condado 3 CFL, LLC ("Plaintiff") filed a complaint against Benjamín Bravo García, Sandra Milagros Buxó Janer and the conjugal partnership between them, as well as B&B Communications, Inc. ("Defendants") on January 2, 2017. ECF No. 1. Plaintiff alleged that Defendants executed mortgage deeds in favor of Westernbank Puerto Rico, that Plaintiff is now the holder of the mortgage notes, and that Mr. Bravo and Ms. Buxó defaulted on their repayment obligations. Defendants filed a motion for summary judgment, which was denied. ECF Nos. 25; 34. Pending before the court is Plaintiff's cross motion for summary judgment, requesting that the court enter judgment in its favor. ECF No. 31. Over ten months later, Defendants still have not filed a response in opposition.

**I.    STANDARD OF REVIEW**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A dispute is genuine if the evidence

about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on *uncontradicted* evidence . . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and

likelihood." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## II. UNCONTESTED MATERIAL FACTS[1]

On August 26, 2009, Benjamín Bravo García and Sandra Milagros Buxó Janer signed and delivered a Promissory Note to Westernbank Puerto Rico for the principal amount of $800,000.00, plus interest, to be paid in consecutive monthly installments of principal and interest commencing on September 30, 2009. ECF No. 31-1, at 3, ¶ 5.

The same day, to secure payment of all the amounts owed, Mr. Bravo and Ms. Buxó, as borrowers, B&B Communications, Inc., as guarantor for the totality of $800,00.00, and Westernbank Puerto Rico entered into a Personal Property Lien Agreement. ECF No. 31-1, at 3, ¶ 6.

Per the terms of the Personal Property Lien Agreement, Mr. Bravo and Ms. Buxó pledged a mortgage note dated August 26, 2009 in favor of Westernbank Puerto Rico for the principal amount of $301,000.00, with interest at the rate of 4.99% per annum for the first 24 months and 4.99% per annum or 1% over prime rate, whichever is higher, for the following 24 months. Id. The same day, as guarantee for the repayment obligation, Mr. Bravo and Ms. Buxó executed Mortgage Deed No. 355 before Notary Public Adrián J. Hilera Torres. Id. The Mortgage Deed encumbers property No. 25,447 in the Puerto Rico Property Registry ("Property A"), which is described in the Spanish language as follows:

---

[1] Local Rule of Civil Procedure 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." In light of Defendants' failure to file a response in opposition to the cross motion for summary judgment, the same are deemed admitted to the extent that they are supported by their record citations.

3

> URBANA: Solar identificado con el número dos (2) del Bloque letra B en el plano de inscripción de la Urbanización denominada PARQUE DE MONTEBELLO situado en el Barrio Las Cuevas del Municipio de Trujillo Alto, con una cabida superficial de CUATROCIENTOS OCHENTA Y TRES PUNTO SETENTA Y UN METROS CUADRADOS (483.71 M.C.), en lindes por el Norte, con la Calle número cinco (5) en veinte y cinco punto dieciséis (25.16) metros; por el Sur, con el solar número uno (1) en veinte y tres punto dieciséis (23.16) metros; por el Este, con terrenos de Julio César Vázquez en veinte y un (21.00) metros; y por el Oeste, con la Calle número uno (1) en diecisiete punto cincuenta (17.50) metros. Enclava una casa de concreto de dos plantas, tipo "Casa Hilera", para fines residenciales.

ECF No. 31-5, at 2.

Per the terms of the Personal Property Lien Agreement, B&B Communications, Inc. pledged a mortgage note dated August 26, 2009 in favor of Westernbank Puerto Rico for the principal amount of $104,580.00, with interest at the rate of 4.99% per annum for the first 24 months and 4.99% per annum or 1% over prime rate, whichever is higher, for the following 24 months. ECF No. 31-1, at 4, ¶ 6. The same day, as guarantee for the repayment obligation, B&B Communications, Inc. executed Mortgage Deed No. 354 before Notary Public Adrián J. Hilera Torres. Id. The Mortgage Deed encumbers property No. 20,923 in the Puerto Rico Property Registry ("Property B"), which is described in the Spanish language as follows:

> RUSTICA: PARCELA D: Parcela de terreno compuesta de TRESCIENTOS TREINTA Y CINCO PUNTO MIL DOSCIENTOS VEINTE Y SEIS METROS CUADRADOS (335.1226 M.C.) radicada en el Barrio Cuevas del término municipal de Trujillo Alto, Puerto Rico, colindando por el Norte, en seis punto cincuenta (6.50) metros, con Camila Márquez, por el Sur, en doce punto sesenta y nueve (12.69) metros, con la parcela descrita bajo la letra E, por el ESTE, con Juan Márquez e Isabela Márquez, en treinta y quatro punto treinta y nueve (34.39) metros, y por el OESTE, con las parcelas descrita bajo las letras E y C, en treinta y cuatro punto cero cero (34.00) metros en alineaciones.

ECF No. 31-8, at 2.

Per the terms of the Personal Property Lien Agreement, B&B Communications, Inc. pledged a mortgage note dated August 26, 2009 in favor of Westernbank Puerto Rico for the principal amount of $128,000.00, with interest at the rate of 4.99% per annum for the first 24 months and 4.99% per annum or 1% over prime rate, whichever is higher, for the following 24

months. ECF No. 31-1, at 5, ¶ 6. The same day, as guarantee for the repayment obligation, B&B Communications, Inc. executed Mortgage Deed No. 352 before Notary Public Adrián J. Hilera Torres. Id. The Mortgage Deed encumbers property No. 8,858 in the Puerto Rico Property Registry ("Property C"), which is described in the Spanish language as follows:

> RUSTICA: Parcela número seis (6). Parcela de terreno radicada en el Barrio Las Cuevas del Término municipal de Trujillo Alto, Puerto Rico, compuesta de CERO PUNTO SEISCIENTOS CUARENTA Y DOES CUERDAS (0.642 cdas), igual a DOS MIL QUINIENTOS VEINTE Y SEIS PUNTO OCHOCIENTOS OCHENTA Y OCHO METROS CUADRADOS (2,526.888 M.C.). En lindes por el Norte, frente, en sesenta y dos punto setecientos siete (62.707) metros, con la calle número dos (2) del plano de lotificación; por el Sur, fondo, en cuatro (4) alineaciones distintas que totalizan treinta y siete punto ochocientos diez (37.810) metros, con la Quebrada Margarita; por el Este, en treinta y ocho punto setecientos cincuenta y dos (38.752) metros, con la parcela número siete (7) del plano de lotificación; y por el Oeste, en cincuenta punto trescientos veinte y siete (50.327) metros, con Miguel Cordero.

ECF No. 31-11, at 2.

Per the terms of the Personal Property Lien Agreement, B&B Communications, Inc. pledged a mortgage note dated August 26, 2009 in favor of Westernbank Puerto Rico for the principal amount of $266,420.00, with interest at the rate of 4.99% per annum for the first 24 months and 4.99% per annum or 1% over prime rate, whichever is higher, for the following 24 months. ECF No. 31-1, at 6, ¶ 6. The same day, as guarantee for the repayment obligation, B&B Communications, Inc. executed Mortgage Deed No. 353 before Notary Public Adrián J. Hilera Torres. Id. The Mortgage Deed encumbers property No. 20,924 in the Puerto Rico Property Registry ("Property D"), which is described in the Spanish language as follows:

> RUSTICA: PARCELA E: Parcela de terreno compuesto de MIL DOSCIENTOS OCHENTA Y SEIS PUNTO CUATRO MIL NOVECIENTOS DIEZ METROS CUADRADOS (1,286.4910 M.C.), en lindes por el Norte con parcela A, B, C y D, en cincuenta y tres punto cincuenta (53.50) metros, en ocho (8) alineaciones, por el Sur, en dieciocho punto cero tres (18.03) metros, con la Quebrada Blasina, por el Este, con parcela D, en diecinueve punto sesenta (19.60) metros y con Juan Márquez, en treinta y siete punto cuarenta y tres (37.43) metros, en tres (3) alineaciones y por el Oeste, con la carretera

5

> número ochientos setenta y seis (876), en cuarenta y cinco punto setecientos dos (45.702) metros, y tres (3) alineaciones.

ECF No. 31-14, at 2.

Condado 3 CFL, LLC is the holder of the mortgage notes. ECF No. 31-1, at 7, ¶ 7. Mr. Bravo and Ms. Buxó are the owners of Property A. ECF No. 31-1, at 7, ¶ 8. B&B Communications, Inc. is the owner of Properties B, C, and D. ECF No. 31-1, at 7, ¶ 9.

Mr. Bravo and Ms. Buxó have breached their loan repayment obligations by failing to make the agreed-upon payments. As of April 20, 2018, Mr. Bravo and Ms. Buxó owe $749,814.31 in principal, $162,428.01 in accrued interest, which continues to accrue at the rate of $151.00 per diem, $403.24 in accrued late charges, escrow tax deficiency of $1,857.23, escrow insurance deficiency of $1,031.83, force place insurance of $1,296.00, and fifteen percent of the original principal balance in attorney's fees. ECF No. 31-1, at 7, ¶ 10.

### III. APPLICABLE LAW

Because this is a diversity action, Puerto Rico law controls. Under the laws of Puerto Rico, "[a] person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." 31 L.P.R.A. § 4571. Furthermore, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." 31 L.P.R.A. § 2994. Therefore, "courts may not relieve a party of its agreed upon contractual obligations." Roosevelt Cayman Asset Co. II v. Mercado, 2016 WL 3976627, at *3 (D.P.R. July 22, 2016).

A mortgage "directly and immediately subjects the property on which it is imposed, whoever its possessor may be, to the fulfilment of the obligation for the security of which it was created." 31 L.P.R.A. § 5043. "The real right of a mortgage, once constituted subject to the mortgaged good, grants whoever is its title holder or possessor the power to demand the fulfillment

of the obligation that it warranties, with preference corresponding to the degree of registration." Roosevelt Cayman Asset Co. v. Brea, 2016 WL 1716837, at *3 (D.P.R. Apr. 28, 2016) (internal citations omitted). "It is also essential in these contracts that when the principal obligation is due, the things of which the pledge or mortgage consists may be alienated to pay the creditor." 31 L.P.R.A. § 5002.

IV. ANALYSIS

The uncontroverted facts show that Plaintiff is entitled to summary judgment. Plaintiff established that Mr. Bravo and Ms. Buxó entered into a contract with Westernbank Puerto Rico whereby on August 26, 2009, they received a mortgage loan and in exchange provided a mortgage note. As guarantor for the totality of the mortgage loan, per the terms of the Personal Property Lien Agreement, B&B Communications, Inc. provided three mortgage notes. As guarantee of the above notes, Defendants executed the mortgage deeds encumbering the properties in question. Plaintiff is now the holder of the mortgage notes. Mr. Bravo and Ms. Buxó defaulted on their repayment obligations to Plaintiff. These uncontroverted facts show that summary judgment is appropriate.

Thus, Mr. Bravo and Ms. Buxó are ordered to pay Plaintiff the following sums by April 12, 2019: $749,814.31 in principal, $162,428.01 in accrued interest, which continues to accrue at the rate of $151.00 per diem, $403.24 in accrued late charges, escrow tax deficiency of $1,857.23, escrow insurance deficiency of $1,031.83, force place insurance of $1,296.00, and fifteen percent of the original principal balance in attorney's fees.

Furthermore, within fourteen days of the entry of judgment, Plaintiff may request the execution of the judgment by any available remedies and/or the mortgaged properties described

above shall be sold at public auction to the highest bidder[s], without an appraisal or right of redemption.

Upon Plaintiff's compliance with Federal Rule of Civil Procedure 53, the court may appoint a Special Master to conduct the sales, but the Special Master shall not carry out the sales or do anything in connection with them until ordered to do so by the court and under the conditions provided by the court.

The sales conducted by the Special Master shall be subject to the confirmation of the court, and the purchaser[s] of the properties shall be entitled to receive possession. The minimum bid to be accepted at the first public sale will be in accordance with the mortgage deed.

Any funds derived from the sales shall be disbursed as follows:

1. To the payment of all proper expenses attendant upon the sales, including the expenses, outlays, and compensation of the Special Master, after said expenses have been fixed and approved by the court, all said expenses shall be deducted from the sum provided in the mortgage deeds for costs, charges and disbursements, expenses, and attorney's fees.
2. To the payment of all expenses or advances made by Plaintiff.
3. To the payment to Plaintiff of $749,814.31 in principal, $162,428.01 in accrued interest, which continues to accrue at the rate of $151.00 per diem, $403.24 in accrued late charges, escrow tax deficiency of $1,857.23, escrow insurance deficiency of $1,031.83, force place insurance of $1,296.00, and fifteen percent of the original principal balance in attorney's fees.
4. If after making these payments there is a surplus, the surplus shall be delivered to the Clerk of the Court, subject to further orders from the court.

5. If after making these payments there is a deficiency, Plaintiff may seek further orders from the court to collect the deficiency from Mr. Bravo and Ms. Buxó.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff's cross motion for summary judgment (ECF No. 31) is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of March, 2019.

s/Marcos E. López  
U.S. Magistrate Judge